UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURA M. LARKIN | CIVIL ACTION |
| VERSUS | NO. 17-2061 |
| UNITEDHEALTHCARE INSURANCE COMPANY | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court are defendant's two partial motions to dismiss.[1] For the following reasons, the Court denies as moot the first motion to dismiss[2] and grants the second motion to dismiss.[3]

## I. BACKGROUND

This case arises out of a dispute over the payment of disability insurance benefits.[4] Defendant UnitedHealthcare Insurance Company issued a group disability insurance policy to Louisiana State University and Agricultural and Mechanical College.[5] Plaintiff Laura Larkin was an employee of Louisiana State University and participated in this group

---

[1] R. Doc. 6; R. Doc. 9.
[2] R. Doc. 6.
[3] R. Doc. 9.
[4] R. Doc. 1.
[5] *Id.* at 1 ¶ 5; R. Doc. 6-3 at 2.

disability plan.[6] Plaintiff alleges that she has been diagnosed with fibromyalgia and scleredema and that she suffers from chronic pain, fatigue, muscle weakness, numbness, debilitating headaches, malaise, and cognitive impairment.[7] On or around January 4, 2016, plaintiff took disability leave from her job and applied for benefits under defendant's policy.[8] Defendant denied plaintiff's claim for long term disability benefits.[9] Plaintiff filed an appeal with accompanying medical evidence, which was also denied.[10] Plaintiff asserts that defendant based its denial of benefits on outdated criteria, an incorrect diagnosis, and the opinions of non-specialist physicians.[11]

On March 10, 2017, plaintiff filed a complaint against defendant for short term and long term disability benefits, statutory penalties, physical and emotional distress damages, costs, and attorneys' fees.[12] Plaintiff invoked diversity jurisdiction under 28 U.S.C. § 1332.[13] On July 28, 2017, defendant filed its first partial motion to dismiss under Federal Rule of Civil Procedure

---

[6] R. Doc. 1 at 1 ¶ 3.
[7] R. Doc. 7 at 3 ¶ 44.
[8] *Id.* at 3 ¶ 45.
[9] *Id.* at 3-4 ¶ 46.
[10] *Id.* at 4.
[11] *Id.* at 2-3 ¶ 43.
[12] R. Doc. 1.
[13] *Id.* at 1.

12(b)(6).[14]  Plaintiff timely amended her complaint, incorporating the contents of her original complaint and including additional allegations.[15]  In response, defendant filed a second partial motion to dismiss.[16]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*

---

[14]  R. Doc. 6.
[15]  R. Doc. 7.
[16]  R. Doc. 9.

In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**III. DISCUSSION**

**A. First Motion to Dismiss**

Defendant's first motion to dismiss is directed at plaintiff's original complaint.[17] The filing of an amended complaint does not necessarily moot a pending motion to dismiss. *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1476 (3d. ed. 2017). But defendant has filed a second motion to dismiss directly addressing the amended complaint.[18] Defendant's second motion reiterates its original request that the Court dismiss plaintiff's claims for short term disability benefits, certain statutory penalties, and nonpecuniary damages.[19] Because defendant's two motions make the same

---

[17] R. Doc. 6.
[18] R. Doc. 9.
[19] *Id.*

4

arguments and seek the same relief, the Court finds that defendant's first motion to dismiss is moot.[20] *See Melson v. Vista World Inc. and Assoc.*, No. 12-135, 2012 WL 6002680, at *12 (E.D. La. 2012) (explaining that, "[w]hen a new Rule 12(b)(6) motion is filed that specifically addresses an amended complaint, 'it surely makes sense to disregard'" the original motion) (quoting Steven Gensler, 1 *Federal Rules of Civil Procedure,* Rules and Commentary Rule 15).

### B. Short Term Disability Benefits and Statutory Penalties

Defendant argues that plaintiff's claim for short term disability benefits must be dismissed because these benefits are not covered by the policy.[21] The Court has reviewed the insurance policy, and finds that it covers only long term disability benefits.[22] Plaintiff concedes that she is not entitled to short term disability benefits.[23] Thus, the Court dismisses this claim.

---

[20] Defendant admits that its first motion is effectively moot. *See* R. Doc. 9 at 2. Defendant's second motion to dismiss and plaintiff's second memorandum in opposition each incorporate the arguments contained in their original pleadings. *See* R. Doc. 9; R. Doc. 10. Accordingly, the Court will refer back to the first motion to dismiss and the first memorandum in opposition in considering the current motion.
[21] R. Doc. 6-1 at 5; R. Doc. 9-1 at 2.
[22] R. Doc. 6-3. The Court may consider this document on a Rule 12(b)(6) motion because the insurance policy is referenced in plaintiff's complaint and is central to her claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[23] R. Doc. 10 at 1.

Defendant also contends that Louisiana Revised Statutes § 22:1821 provides the sole possible basis for statutory penalties in this matter, and asks the Court to dismiss plaintiff's claims under § 22:658 and § 22:1892.[24] Plaintiff concedes that § 22:1821 is the appropriate statutory penalty provision, and consents to the dismissal of her other statutory penalty claims.[25] Accordingly, the Court dismisses plaintiff's claims under § 22:658 and § 22:1892.

**C. Nonpecuniary Damages**

Plaintiff asserts that she is entitled to damages for emotional distress and other nonpecuniary loss under Louisiana Civil Code articles 1998 and 1997.[26] Article 1998 permits nonpecuniary damages in a breach of contract action under two circumstances: (1) "when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss"; or (2) "when the obligor intended, through

---

[24] R. Doc. 6-1 at 2. Louisiana Revised Statutes § 22:658 is unrelated to statutory penalties, and § 22:1892 does not apply to health and accident policies.
[25] R. Doc. 10 at 1.
[26] R. Doc. 8 at 4-7.

6

his failure, to aggrieve the feelings of the obligee." La. Civ. Code art. 1998. The amended complaint fails to state a claim under either criterion.

Plaintiff first argues that her disability insurance policy served the nonpecuniary interest of providing peace of mind, and that the intent of the contract is a question of fact for the jury.[27] But plaintiff's argument applies equally to all insurance contracts, and Louisiana courts have repeatedly held that "a commercial insurance policy is not designed to gratify nonpecuniary interests, it is meant to protect pecuniary interests." *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 202 (La. 2008); *see also Bankston v. Alexandria Neurosurgical Clinic*, 583 So. 2d 1148, 1151 (La. App. 3 Cir. 1991); *Nickels v. Guarantee Trust Life Ins. Co.*, 563 So. 2d 924, 927 (La. App. 1 Cir. 1990); *Tano Corp. v. La. Health Serv. & Indem. Co.*, 355 So.2d 604, 606 (La. App. 4 Cir. 1978).

Accordingly, the Court finds that plaintiff's disability insurance policy was not intended to gratify a nonpecuniary interest. The state appellate decisions cited by plaintiff are inapposite because those cases involved contracts related to the purchase, construction, or renovation of homes, which by the nature of the contract could involve substantial and fact-specific nonpecuniary interests. *See Heath v. Brandon Homes, Inc.*, 825 So. 2d 1262,

---

[27] R. Doc. 8 at 4.

1268-69 (La. App. 2 Cir. 2002) (finding significant nonpecuniary interests in the construction of plaintiff's "dream home"); *see also Cascio v. Carpet*, 968 So. 2d 844, 852 (La. App. 2 Cir. 2007); *Stonecipher v. Mitchell*, 655 So. 2d 1381, 1384-85 (La. App. 2 Cir. 1995); *Johnston v. Norcondo*, 572 So. 2d 203, 205 (La. App. 1 Cir. 1990).

Plaintiff further contends that, even if the disability insurance contract does not serve a nonpecuniary interest, she has stated a claim under the second basis for nonpecuniary damages in Article 1998.[28] *See* La. Civ. Code art. 1998 (permitting nonpecuniary damages "when the obligor intended, through his failure, to aggrieve the feelings of the obligee"). The amended complaint alleges that "Defendant either intended to cause Plaintiff emotional distress and mental anguish when denying her benefits or acted with such reckless disregard that it should have known that such mental anguish and emotional distress would result from its actions."[29]

Plaintiff's assertion that defendant intended to cause her emotional distress is merely a "formulaic recitation of the elements of a cause of action" without factual support in the complaint. *See Iqbal*, 556 U.S. at 678. To recover under this theory, plaintiff must show that defendant's actions were

---

[28] R. Doc. 8 at 7.
[29] R. Doc. 7 at 1 ¶ 36. Plaintiff's original complaint makes the same allegations. *See* R. Doc. 1 at 3 ¶ 20; *Id.* at 4 ¶ 23.

"*calculated* to inflict grief, vexation, or inconvenience on the other party." *Pinero v. Jackson Hewitt Tax Serv., Inc.*, 594 F. Supp. 2d 710, 718 (E.D. La. 2009) (quoting 6 Saul Litvinoff, *Louisiana Civil Law Treatise* § 6.16 (2d ed.)). The original and amended complaints contain no factual allegations suggesting that defendant was motivated by a desire to aggrieve plaintiff's feelings.[30] *See id.* Plaintiff also fails to cite any authority to support the proposition that "reckless disregard" is sufficient to show an intent to aggrieve under Article 1998.[31]

Although plaintiff alleges that defendant acted in bad faith, bad faith is not equivalent to an intent to aggrieve. *See Wegener v. Lafayette Ins. Co*, 60 So. 3d 1220, 1230 (La. 2011) (distinguishing between insurer's breach of duty of good faith and an intent to aggrieve plaintiffs); *Sher*, 988 So.2d at 202, 207 (finding sufficient evidence that insurer's failure to pay was "vexatious," but no proof of an intent to aggrieve); *see also Pinero*, 594 F. Supp. 2d at 718; *Tomlinson v. Allstate Indem. Co.*, No. 06-617, 2007 WL 325361, at *2 (E.D.

---

[30] On the contrary, plaintiff repeatedly alleges that defendant acted out of financial self-interest. *See* R. Doc. 1 at 4-5 ¶ 30-31; R. Doc. 7 at 1 ¶ 37; *Id.* at 5 ¶ 52.

[31] Nor does plaintiff allege any facts to indicate that defendant was or should have been aware of special circumstances that would cause plaintiff to suffer greater emotional distress from a denial of benefits than other applicants for long term disability insurance.

La. 2007). Plaintiff therefore fails to state a claim for nonpecuniary damages under the intent prong of Article 1998.

Finally, plaintiff argues that defendant's alleged bad faith justifies nonpecuniary damages under Louisiana Civil Code Article 1997.[32] Article 1997 provides that "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code art. 1997. But Article 1997 must be read in conjunction with Article 1998. In *Young v. Ford Motor Co., Inc.*, 595 So. 2d 1123 (La. 1992), the Louisiana Supreme Court examined the structure of the Civil Code and explained that Article 1994 sets out liability for damages for failure to perform a conventional obligation, Article 1997 provides that an obligor in bad faith is liable for "all the damages, foreseeable or not, that are a direct consequence of his failure to perform," and "Article 1998 *then sets forth* the requirements for the recovery of nonpecuniary damages." *Id.* at 1129 (emphasis added). The *Young* court denied mental anguish damages because the plaintiff failed to show that his contract had a nonpecuniary purpose. *Id.* at 1134.

The award of nonpecuniary damages in a breach of contract action is governed by Article 1998, and Article 1997 does not provide a standalone

---

[32] R. Doc. 8 at 5-6.

basis to recover damages for emotional distress.[33] *See Nolan v. Commonwealth Nat'l Ins. Co.*, 688 So. 2d 581, 585 (La. App. 2 Cir. 1996) (finding that the remediation of moral damages is addressed by Article 1998, and that Article 1997 does not cover unforeseen nonpecuniary damages); *cf. Wegener,* 60 So. 3d at 1229-30 (holding that Article 1998 serves to limit nonpecuniary damages only in breach of contract cases, and does not apply to a separate cause of action for an insurer's breach of its statutory duty of good faith). Because plaintiff does not satisfy the requirements set out in Article 1998, she cannot recover nonpecuniary damages on her breach of insurance contract claim. This claim must therefore be dismissed.

### D. Dismissal with Prejudice

Plaintiff filed an amended complaint in response to defendant's first motion to dismiss, and she has not requested further leave to amend. Plaintiff also concedes that she is not entitled to short term benefits and that she is not entitled to penalties under Louisiana Revised Statutes §§ 22:658 and 22:1892. Further, the Court finds that plaintiff has had sufficient opportunity to cure the deficiencies in her complaint, and that another

---

[33] Plaintiff relies on several state appellate decisions to argue that a finding of bad faith supports nonpecuniary damages under Article 1997. *See* R. Doc. 8 at 5-6. But those cases were decided before *Young v. Ford Motor Co.*, 595 So.2d 1123 (La. 1992), and are inconsistent with recent Louisiana caselaw.

amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court therefore dismisses plaintiff's claims at issue on the motion with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's first motion to dismiss[34] as moot. The Court GRANTS defendant's second motion to dismiss.[35] Plaintiff's claims for short term disability benefits, statutory penalties under Louisiana Revised Statutes §§ 22:658 and 22:1892, and nonpecuniary damages arising out of a breach of contract are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __3rd__ day of October, 2017.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[34] R. Doc. 6.
[35] R. Doc. 9.

12